O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NICHOLAS M. TOLIVER, | ) | Case No. CV 07-08400 DDP (JCx) |
| Plaintiff, | ) | **ORDER GRANTING MOTION TO DISMISS** |
| v. | ) | |
| UNITED STATES OF AMERICA; DEPARTMENT OF THE TREASURY; INTERNAL REVENUE SERVICE; S.C. BAKER, Revenue Officer; D.D. MOORE, Revenue Officer; LOS ANGELES DEPARTMENT OF WATER AND POWER, | ) | |
| Defendants. | ) | |

This matter comes before the Court on Defendant City of Los Angeles Department of Water and Power's motion to dismiss Plaintiff Nicholas Toliver's Complaint and on a motion by Defendants United States, Department of the Treasury, Internal Revenue Service, D.D. Moore, and S.C. Baker to dismiss Plaintiff's action as to such Defendants. After reviewing the materials submitted by the parties and considering the arguments therein, the Court grants Defendants' motions to dismiss Plaintiff's Complaint.

## I.   BACKGROUND

This action has been brought by Plaintiff Nicholas Toliver against the United States, Department of the Treasury, Internal Revenue Service ("IRS"), two individuals – D.D. Moore and S.C. Baker – employed by the IRS, and Plaintiff's employer, Los Angeles Department of Water and Power ("LADWP").  Plaintiff filed a Complaint to Quiet Title to Real and Personal Property on December 28, 2007.  On January 3, Plaintiff was granted his request to proceed <u>pro</u> <u>se</u>.  Defendant United States filed a Notice of Related Case alleging that the instant case involves substantially identical issues of law and fact as the following case: <u>Toliver v. Executive in Charge of the Internal Revenue Service Office at 300 N. Los Angeles Street</u>, No. CV 07-6447-DDP (JCx).  This Court had dismissed Plaintiff's action with prejudice in the related case on January 15, 2008.

On January 31, 2008, Defendant LADWP filed a motion to dismiss Plaintiff's case for failure to state a claim upon which relief may be granted.  Also on January 31, 2008, Defendants United States, Department of the Treasury, IRS, D.D. Moore, and S.C. Baker filed a motion to have themselves dismissed as parties.

This <u>pro</u> <u>se</u> complaint involves several Notices of Federal Tax Lien issued by the IRS that instructed LADWP to garnish or withhold Plaintiff's wages for Plaintiff's unpaid tax liabilities.  Specifically, Plaintiff alleges that Defendant LADWP acted in bad faith and breach of contract by surrendering Plaintiff's personal property, that is, his wages without Plaintiff's consent or authorization.  Plaintiff seeks monetary, injunctive, and declaratory relief.

## II. DISCUSSION

A.   <u>Motion to Dismiss Defendants United States, Department of the Treasury, Internal Revenue Service, D.D. Moore, and S.C. Baker as Parties</u>

Defendants United States, Department of the Treasury, Internal Revenue Service, D.D. Moore, and S.C. Baker move to be dismissed as parties on the basis that Plaintiff failed to state a claim against them.  <u>See</u> Fed. R. Civ. P. 12(b)(6).  The Court has original jurisdiction in this case pursuant to 28 U.S.C. § 1340, which provides that "district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue."

The Court dismisses this complaint with prejudice because, as a suit against the United States to which the Government has not consented, it is barred by sovereign immunity.[1]  <u>See</u> <u>Arford v. United States</u>, 934 F.2d 229, 231 & n.3 (9th Cir. 1991) (holding that 28 U.S.C. § 1340 "does not constitute a waiver of sovereign immunity" and noting that "[t]he Anti-Injunction Act, 26 U.S.C. § 7421, is a further bar to suit against the government in federal court on taxpayers' claims that they do *not* owe taxes; the government cannot be enjoined from the collection of taxes unless the taxpayer timely proceeds through the administrative process in

---

[1] That the named Defendants are IRS officials rather than the United States Government itself is of no consequence, for "a suit against IRS employees in their official capacity is essentially a suit against the United States." <u>Gilbert v. DaGrossa</u>, 756 F.2d 1455, 1458 (9th Cir. 1985).  Plaintiff's suit alleges that IRS collection practices are unconstitutional and unlawful.  He alleges no facts that would suggest the Defendants acted outside their official capacity; indeed, the complaint alleges no facts specific to the individual defendants whatsoever, except that they appear to have been the individuals that signed or processed the Notices of Federal Tax Lien in question.

1  tax court") (emphasis in original); see also United States v. Dalm,

2  494 U.S. 596, 608 (1990); 28 U.S.C. § 2201(a) (barring declaratory

3  relief with respect to most federal tax actions).  Under sovereign

4  immunity, no suit may be maintained against the sovereign unless

5  the suit complies with the terms of a statute under which the

6  sovereign has consented.  See United States v. Sherwood, 312 U.S.

7  584, 590 (1941).  Therefore, Plaintiff must show that his claims

8  against the United States are those for which the government has

9  waived its sovereign immunity.

10      Here, Plaintiff claims that the "Administrative Procedure Act"

11  (hereinafter "APA") is an affirmative waiver of sovereign immunity.

12  The APA provides that "a person suffering a legal wrong because of

13  agency action, or adversely affected or aggrieved by agency action

14  within the meaning of a relevant statute, is entitled to judicial

15  review thereof."  5 U.S.C. § 702.  However, the APA only applies to

16  claims "seeking relief other than money damages."  Id.  Thus, the

17  APA is not applicable to this claim because Plaintiff is seeking

18  money damages.

19      Furthermore, the APA does not override the prohibitions of the

20  Anti-Injunction Act and the Declaratory Judgment Act.  Hughes v.

21  IRS, 953 F.2d 531, 537 (9th Cir. 1992).  To the extent Plaintiff's

22  complaint seeks injunctive relief from the collection of taxes, it

23  is barred by the Anti-Injunction Act, which provides that "no suit

24  for the purpose of restraining the assessment or collection of any

25  tax shall be maintained in any court by any person, whether or not

26  such person is the person against whom such tax is assessed."  26

27  U.S.C. § 7421(a).  Moreover, the Declaratory Judgment Act provides

28

4

the district court with jurisdiction over cases seeking declaratory

relief, except where the controversy involves Federal taxes.   <u>See</u>

28 U.S.C. § 2201(a).   Both the Anti-Injunction Act and the

Declaratory Judgment Act expressly forbid the relief which is

sought by Plaintiff in his complaint.   Therefore, Defendant's

sovereign immunity is not waived by the APA and Defendant's motion

to dismiss is granted.

> B.   <u>Defendant LADWP's Motion to Dismiss For Failure to State a Claim</u>

Defendant LADWP has brought a motion to dismiss Plaintiff's

complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6),

for failure to state a claim upon which relief may be granted.[2]

"The purpose of [Rule 12(b)(6)] is to test the legal sufficiency of

the complaint" rather than to resolve the case on the merits.

<u>North Star Int'l v. Arizona Corp. Comm'n</u>, 720 F.2d 578, 581 (9th

---

[2] Defendant LADWP also claims lack of subject matter jurisdiction as a ground for dismissal.   The Court disagrees because "[u]nder the artful pleading doctrine, federal courts may take jurisdiction over a complaint removed from state court where the plaintiff, although framing his action under state law, in actuality raises an essential federal question."   <u>Holcomb v. Bingham Toyota</u>, 871 F.2d 109, 110 (9th Cir. 1989)(quotations omitted).   Although Plaintiff characterizes his complaint as grounded in California law, alleging breach of contract and bad faith, in fact "the gravamen of his complaint turns on the impact of federal tax laws on plaintiff's property, which is a federal question governed by federal law."   <u>Fiorucci v. United States</u>, 1991 WL 278946, at *1 (9th Cir. Dec. 30, 1991) (unpublished) (internal quotation marks and alterations omitted); <u>see</u> <u>United States v. Rogers</u>, 461 U.S. 677, 683 (1983) ("[I]t has long been an axiom of our tax collection scheme that, although the definition of underlying property interests is left to state law, the consequences that attach to those interests is a matter left to federal law."); <u>Bright v. Bechtel Petrol., Inc.</u>, 780 F.2d 766, 769 (9th Cir. 1986) ("An action may 'arise under' a law of the United States if the plaintiff's right to relief necessarily turns on construction of federal law.").   Accordingly, the Court has subject matter jurisdiction of this case.

1   Cir. 1983).  A Rule 12(b)(6) motion to dismiss will be granted only

2   if it "appears to a certainty that the plaintiff can prove no set

3   of facts in support of his claims that would entitle him to

4   relief." Rae v. Union Bank, 725 F.2d 478, 479 (9th Cir. 1984).

5   The court must accept as true all factual allegations in the

6   complaint and draw all reasonable inferences in favor of the

7   plaintiff.  Parks School of Bus., Inc. v. Symington, 51 F.3d 1480,

8   1484 (9th Cir. 1995).  "However, the court is not required to

9   accept legal conclusions cast in the form of factual allegations if

10  those conclusions cannot reasonably be drawn from the facts

11  alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55

12  (9th Cir. 1994).

13      Here, Plaintiff claims that LADWP acted in bad faith and/or

14  breached its employment contract with Plaintiff by executing the

15  Notices of Federal Tax Lien issued by the IRS instructing LADWP to

16  garnish or withhold Plaintiff's wages, without being backed by a

17  court order, writ of garnishment or like judicial instrument.

18  (Compl. ¶¶ 98, 100, 103.)  This argument lacks merit.  The United

19  States Supreme Court has held that where "adequate opportunity is

20  afforded for later judicial determination of the legal rights,

21  summary proceedings to secure prompt performance of pecuniary

22  obligations to the government have been consistently sustained."

23  Phillips v. Comm'r of Internal Revenue, 283 U.S. 589, 595 (1931).

24  Furthermore, it is well-established that withholding income tax

25  from wages does not violate the constitution. See Stonecipher v.

26  Bray, 653 F.2d 398, 402, 403 (9th Cir. 1981), cert. denied, 454

27  U.S. 1145 (1982); Edgar v. Inland Steel Co., 744 F.2d 1276, 1278

28  (7th Cir. 1984); Robinson v. A & M Elec., Inc., 713 F.2d 608, 609

(10th Cir. 1983).  Therefore, contrary to Plaintiff's contention, the Notices of Federal Tax Lien instructing LADWP to garnish Plaintiff's wages are not invalid because they are not preceded by a court order.

Even if Plaintiff could demonstrate that the Notices of Federal Tax Lien are defective or invalid, Plaintiff's sole remedies would be against the IRS, and not LADWP.  <u>Bright v. Betchel Petroleum, Inc.</u>, 780 F.2d 766, 770 (9th Cir. 1986) is instructive.  There, the IRS issued a directive ordering the plaintiff's employer to withhold federal income tax for a defective W-4 form.  The plaintiff brought a breach of contract claim in state court asserting the employer breached the employment contract by paying the plaintiff less than the contract required.  <u>Id.</u>  The employer removed the action to federal court and moved for dismissal.  <u>Id.</u>  The court found plaintiff's complaint was a product of artful pleading, since it really challenged the federal income tax withholding laws and regulations, and upheld the dismissal of plaintiff's complaint.  <u>Id.</u> at 769-70.

Here, Plaintiff similarly challenges the federal income tax withholding laws and regulations through artful pleading by naming LADWP in a state cause of action.  The actions taken by LADWP, in withholding federal income tax from Plaintiff's wages, were fully in accordance with federal internal revenue regulations.[3]

---

[3] Pursuant to 26 U.S.C. § 6321, "[i]f any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal,
(continued...)

1  Analogous to <u>Bright</u>, Plaintiff's complaint here is essentially a

2  challenge to the federal delinquent tax collection laws and

3  regulations and, as in <u>Bright</u>, dismissal of Plaintiff's complaint

4  against LADWP is appropriate.

5  **III. CONCLUSION**

6       Based on the foregoing analysis, the Court GRANTS all

7  Defendants' motions and this lawsuit is dismissed with prejudice.

8

9

10  IT IS SO ORDERED.

11

12  Dated:July 24, 2008                    _____

13

14                                          DEAN D. PREGERSON

15                                          United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27  _____

28       [3](...continued)
    belonging to such person." <u>Id.</u>

8